UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2020
```

------------------------------------------------------------ X
   UNITED STATES OF AMERICA,      :
                                                    :
           -against-                       :         18-CR-840 (VEC)
                                                    :
   JONATHAN SANTIAGO,               :         <u>ORDER</u>
                                                    :
                         Defendant.     :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on May 7, 2020, Mr. Santiago moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. 156); and

       WHEREAS on May 14, 2020, the Government opposed Defendant's motion;

       IT IS HEREBY ORDERED that Mr. Santiago's motion for compassionate release is DENIED. He fails to demonstrate "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).[1] Mr. Santiago argues that he should be released because he is at increased risk from COVID-19 due to his asthma. But Mr. Santiago is only 41 years old and has presented no evidence that his asthma is moderate or severe. He reported to the Bureau of Prisons ("BOP") that he last had an asthma attack two years ago and had never been hospitalized. Although he now reports in his motion papers that he was hospitalized once, there is no evidence of that hospitalization or when it occurred. BOP has prescribed Albuterol on an as-needed basis, which suggests he has mild asthma. Likewise, the hearsay evidence from Mr. Santiago's girlfriend that he used a nebulizer nightly leading up to his incarceration is not

---

[1] Mr. Santiago moved in the alternative for an order that he serve the balance of his sentence in home confinement. The district court has no power to order that the balance of a sentence be served on home confinement; the Bureau of Prisons could do so, but the sentencing court cannot. *See United States v. Stahl*, No. 18-CR-694, 2020 WL 1819986, at *1 (S.D.N.Y. 2020).

indicative of moderate or severe asthma.  MDC is executing a reasonable plan to reduce the risk of a COVID-19 infection,[2] and releasing Mr. Santiago does not erase those risks.[3]

Even if Mr. Santiago had presented "extraordinary and compelling reasons" for a reduction in his sentence, the section 3553(a) factors would counsel against release.  Mr. Santiago's 48-month sentence was already well below the guideline range of 57 to 71 months.  He also has a very substantial criminal history.  The Court would not be warranted in reducing an already lenient sentence.

IT IS FURTHER ORDERED that the Government must file its May 14, 2020, letter opposing Mr. Santiago's motion on ECF with redactions as necessary to protect sensitive medical information.  The Government must also file Exhibit C to its letter on ECF.

The Clerk of Court is respectfully directed to close docket entry 156.

**SO ORDERED.**

**Date:  June 16, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[2] Mr. Santiago's motion was filed on May 7, 2020, at a time when there was substantial uncertainty how well the Bureau of Prisons would be able to manage the COVID-19 pandemic.  While certain facilities have had distressingly high infection and death rates, the MDC in Brooklyn, in which Mr. Santiago is being held, has not.  While reported infection rates are undoubtedly currently lower than actual rates due to limited testing, only one inmate has been hospitalized and none has died from COVID-19 as of June 9, 2020.  *Chunn v. Edge*, No. 20-CV-1590, 2020 WL 3055669, at *1 (E.D.N.Y. June 9, 2020).  While BOP could no doubt improve its processes and procedures, it has done a remarkably good job so far in managing an unprecedented health crisis.

[3] The Court is sorry for Mr. Santiago's losses and feels for the grief expressed in his personal letter received June 11, 2020.  Those losses, however, do not justify a sentence reduction under the statute.  The Court also encourages Mr. Santiago to continue his efforts to take advantage of drug programs and, as urged at sentencing, to learn a trade to help him avoid repeating his criminal history.  Based on his letter he appears to believe that the RDAP program will not be available to him.  Although he is unlikely to benefit from the one-year reduction in sentence for inmates who successfully complete the program, it is the Court's hope that he will be eligible and will take advantage of it once he has been moved to his designated facility.